UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. HARKEN,

        Plaintiff,

v.

JOHN KERRY,

        Defendant.
_____/

Case No. 1:23-cv-352

Hon. Hala Y. Jarbou

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff James E. Harken against "John Kerry, special presidential envoy for climate." Compl. (ECF No. 1, PageID.1). For the reasons set forth below, this action should be dismissed.

The gist of plaintiff's claim is that defendant John Kerry ("Kerry") "is committing fraud against the Citizens of the United States by having President Biden shut down the use of coal, oil, natural gas and gasoline, stating that carbon emissions from their use is causing Global Warming/Climate Change." *Id*. In support of this claim, plaintiff recites facts from "U.S. climate scientists" and concludes that "THERE HAS BEEN ALMOST ZERO CHANGE IN OUR ATMOSPHERE IN 63 YEARS!" *Id*. at PageID.2-6 (emphasis in original).[1] Plaintiff claims that "[t]he entire Biden administration has bought into the Biden fabricated lie that CO2 is increasing in our atmosphere causing Global Warming, even though our own U.S. scientists prove him wrong." *Id*. at PageID.6.

---

[1] Plaintiff exhibits include two charts entitled "Atmospheric Carbon Dioxide (1960-2021)" and a partial transcription or summary of an article from www.texastribune.org entitled, "How Texas' power grid failed in 2021." *See* Exhibits (ECF Nos. 1-1, 1-2, and 1-3).

In support of his claim, plaintiff alleged: that "[t]he executive branch will do nothing to stop this completely fabricated lie"; that "[t]he Senate is controlled by the left and will do nothing against the Biden Administration"; and, that "[t]he House is controlled by the right but thus far have done nothing to address this impending catastrophe." *Id*. Then, plaintiff asks "THE JUDICIAL BRANCH" (*i.e.*, this Court) for the following relief:

> 1. Immediately stop the Biden Administration from shuttering any coal fired electrical plants. (A coal fired electrical generating plant can be shut down in 3 days. If it stays down for a few weeks or more, it could take 9 months to bring it back on line.)
>
> 2. Immediately stop the Biden Administration from converting coal fired electrical plants to natural gas plants.
>
> 3. Remove all of the Biden Executive Orders against fossil fuel energy that are based on the fabrcated [sic] lie that carbon dioxide is increasing in our atmosphere causing global warming.

*Id*. at PageID.6 (emphasis omitted).

Plaintiff also filed a document which he refers to as "Amended Plaintiff's Complaint" (ECF No. 7). However, this document is not an amended complaint which is intended to replace the original complaint. Rather, plaintiff states that "Plaintiff's original complaint remains the same". *See* Amend. Compl. at PageID.23 (emphasis in original). The amended complaint appears to be a supplement or addendum to the original complaint, consisting of plaintiff's summary of an EPA Fact Sheet from April 12, 2023 ("From the internet") and his "Objections to the above EPA News Release". *Id*. at PageID.23-27.

    **II.**    **Discussion**

    **A.**    **Lack of subject matter jurisdiction**

Plaintiff lacks standing to bring this lawsuit. "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen*

*v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

"Article III standing is a jurisdictional requirement that cannot be waived, and such may be brought up at any time in the proceeding. Fed. R. Civ. P. 12(h)(3)." *Zurich Insurance Company v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). "The doctrine [of standing to sue] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "[T]he irreducible constitutional minimum of standing consists of three elements." *Id*. (internal quotation marks omitted). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*

3

An injury, in fact, is first and foremost of standing's three elements. *Id*. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 339 (internal quotation marks omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id*. "An injury in fact must also be 'concrete'", meaning that "it must actually exist." *Id*. at 339-40. When a case is at the pleading stage, "the plaintiff must clearly . . . allege facts demonstrating each element." *Id*. at 338 (internal quotation marks omitted).

Here, plaintiff has not shown that he has standing to bring this lawsuit as required under Article III. Specifically, neither plaintiff's complaint nor his amended complaint allege that he suffered a concrete injury in fact which affected him "in a personal and individual way." *See Spokeo*, 578 U.S. at 339-40. Rather, plaintiff speculates about the regional and national consequences of shutting down coal fired electric generating facilities.

In his original complaint, plaintiff speculates that

> If President Biden continues in his lie that coal fired electrical generating plants are increasing carbon dioxide emissions so as to cause global warming and he continues to shut down coal and natural gas fire electrical generating plants then our supply of electric energy to our grid is getting lower and lower each month, just like what happened in Texas. One of these winters that we have zero degree temperatures or lower for 3 days or longer the chances are getting better that our electrical grid will go down because if it and we can expect the same results that Texas had in Feb. 2021, but on a much larger scale. If our electrical grid goes down for 30 days+, the deaths could be in the millions. There will be no place to hide or shelter and the United States would be the only country on earth that this catastrophe could happen, because the United States is about the only country on earth that is shutting down all coal and natural gas electrical generating plants.

Compl. at PageID.5-6.

In the amended complaint, plaintiff further speculates that,

> The Biden administration has forced so many coal fired plants shut down these last two years that our electrical grid may not hold up through the upcoming winter. If that happens, it won't just be the civilian population that suffers but it will also be, hospitals, the military, industry, every one. Now the administration wants to speed up the closings.

Amend. Compl. at PageID.27.

Having failed to allege any particular injury caused by defendant Kerry, plaintiff's original complaint and amended complaint are nothing more than manifestos expressing his disagreement with the Biden Administration and asking the "Judicial Branch" to intervene. *See* Compl. at PageID.5-6 ("President Joe Biden and John Kerry are lying to the world by saying carbon emissions are causing GLOBAL WARMING" and asking the court to stop the Biden Administration from taking any action on "this completely fabricated lie."); Amend. Compl. at PageID.27 ("The entire Biden administration has bought into the Biden fabricated lie that CO2 is increasing in our atmosphere causing Global Warming, even though our own U.S. scientists prove him wrong."). Accordingly, this lawsuit should be dismissed for lack of federal subject matter jurisdiction.

### B.  Plaintiff has failed to state a claim

Furthermore, plaintiff has failed to state a claim. The Court allowed plaintiff to file this action *in forma pauperis* pursuant to 28 U.S.C § 1915. *See* Order (ECF No. 6). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

5

*Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under this standard:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Here, neither plaintiff's complaint nor his amended complaint state a claim for relief against defendant Kerry that is plausible on its face. As discussed, these documents are essentially manifestos asserting that defendant Kerry and non-party President Biden are lying to the world regarding the cause of global warming and asking for judicial intervention. Plaintiff does not cite any legal basis for this claim, does not allege any injury, and seeks no relief from the defendant Kerry. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. RECOMMENDATION

For all of these reasons, I respectfully recommend that plaintiff's lawsuit be **DISMISSED**.

Dated: May 24, 2023                                    /s/ Ray Kent
                                                       RAY KENT
                                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).